IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abin Lee Lowman, | ) Civil Action No. 1:18-1339-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Saluda County Jail; Major J. Ergle; Capt. Kelly; Capt. Toby Horne; Lt. W.R. Padgett; Lt. C.B. Padget; Ms. Morris; Ms. Smith; and Ms. L. Marshal, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Abin Lee Lowman ("Plaintiff"), proceeding *pro se* brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on July 5, 2018. (ECF No. 12.) In her Report, the Magistrate Judge recommends that the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) because of the Plaintiff's failure to keep the court apprised of his address. Objections to the Report were due by July 23, 2018.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

On July 20, 2018, the envelope containing Plaintiff's copy of the Report and Recommendation (ECF No. 12) was returned to the Clerk of Court, marked "NO LONGER AT THIS ADDRESS, RETURN TO SENDER, ATTEMPTED - NOT KNOWN, UNABLE TO FORWARD" (ECF No. 14-1.) Plaintiff was advised by order filed June 12, 2018, of his responsibility to notify the Court in writing if his address changed and that his case could be dismissed for failing to comply with the Court's order. (ECF No. 8.)

Plaintiff has filed no objections. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note). Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Report. It is therefore **ORDERED** that this action is DISMISSED *with prejudice* for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

July 23, 2018
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.